**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**5:26-BK-7*****
CHAPTER 11(V)**

**IN RE:** BTW SOLUTIONS, LLC, DEBTOR IN POSSESSION

**MOTION TO USE CASH COLLATERAL &
NOTICE OF OPPORTUNITY TO OBJECT**

COMES NOW THE DEBTOR IN POSSESSION ("Debtor"), and for its Motion states:

1. That this court has jurisdiction over this core-proceeding matter, and venue is proper in this district and division pursuant to 28 USC §§157 and 1334, 11 USC §363, and Rules 4001 and 9014 FRBP apply to this motion.

2A. The Debtor commenced its voluntary Chapter 11 case on 13th November 2026. The Debtor's case has not been dismissed or converted since that time and the Debtor remains as Debtor in Possession. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business and financial affairs. No creditor's committee has been appointed in the case.

2B. The Debtor engages in the business of medical billing and collections, and related activities.

3. The Debtor's business operations produce revenue in the form of accounts receivable ("Collateral"). The Collateral is property of the Bankruptcy Estate and is necessary for the reorganization of the Debtor's business and financial affairs.

4A. The Debtor gave a Promissory Note and a Security Agreement to First National Bank of NWA ("FNB") pre-petition (the "Debtor's Obligations"), first on 20th December 2024 and as modified on 13th January 2026. The Debtor's Obligation to FNB is in the form of a secured line of credit.

4B. The Collateral constitutes cash collateral under the security agreement between the Debtor and FNB and the Bankruptcy Code.

5. The Debtor seeks authorization to continue to use the Collateral. Such use when authorized will remain in force and effect until the confirmation of a subsequently proposed Plan of Reorganization, or until the case is converted to a case under chapter 7 or is dismissed.

6A. The Debtor proposes to pay FNB adequate protection for the use of the cash collateral under the following formula, which are the terms of the line of credit note and security agreement:

> To pay each month by the 20th day of each month the interest accrued on the outstanding balance of the Debtor's Obligation. The applicable interest rate is 7.000% per annum. The maximum line of credit is $375,000.00.

6B. The adequate protection payment shall commence on or before the last day in the first full month after an order is entered granting this Motion or as otherwise ordered by the court and shall continue monthly thereafter on or before the 21st day of each succeeding calendar month until the confirmation of a subsequently proposed Chapter 11 Plan, or until the case is converted to a case under Chapter 7 or is dismissed.

6C. As of the date of this instant Motion, the balance owed on the Debtor's Obligation is $204,341.28.

6D. In the event of conversion of the case to a case under Chapter 7, any monies held by the Debtor on the date of conversion shall continue to be cash collateral subject to the interests of FNB determined to be fully secured as defined herein.

7. The Debtor proposes to account monthly for the collection and expenditure of the cash collateral via the required monthly operating reporting pursuant to the regulations of the Office of the United States Trustee.

8. Lender is not entitled to be a custodian or trustee of the estate property and has no claim to property or right to possess or withhold the property from the estate.

9. Allowing the Debtor to continue the use of the cash collateral is in the best interest of all creditors and interested parties and the estate.

10. Because of this ongoing Chapter 11 proceeding, the Debtor is entitled to the continued and permitted use of all collateral including collateral constituting "cash collateral" as contemplated by Debtor's Obligations and within the scope of 11 USC §363 et seq., such use being limited in scope, namely for the purposes of day-to-day operations, payment of utilities, payment of employees, payment of insurance premiums, payment of property taxes, administrative costs of the bankruptcy case including approved attorney and other professional fees, and other goods and services essential to the operation of the Debtor's business.

11. The Debtor requires the cash collateral to operate its business.

12. Pursuant to Rule 4001(b)(1)(A) the Debtor has attached a proposed form of order.

13. The Debtor affirmatively states that the adequate protection herein proposed is adequate protection for the interests of Lender in the Collateral and the revenues generated by the operations of the Debtor.

14. Notice is hereby given that the Debtor will use cash collateral in accord with the terms of this Motion pending further orders of the court.

WHEREFORE, the Debtor prays for an order authorizing use of cash collateral as set forth herein and for all other just and proper relief.

**BTW SOLUTIONS, LLC, DEBTOR IN POSSESSION**

**BOND LAW OFFICE**

By: */s/ Stanley V Bond*
Stanley V Bond 93034
Kathryn Worlow 2018-027
PO Box 1893
Fayetteville, AR 72702-1893
(V) 479.444.0255
(F) 479.235.2827
E-mail: attybond@me.com

## NOTICE OF OPPORTUNITY TO OBJECT

Notice is hereby given that the Debtors, as Debtors in Possession, have filed the foregoing MOTION TO USE CASH COLLATERAL.

If you have an objection to the entry of an order allowing the use of cash collateral, you may file an objection within twenty-one (21) days of the date of this notice that is written below. If any objections are received in the time allowed such objections will be set for hearing by subsequent notice. If no objections are received in the time allowed, the court may enter an order granting the motion without further notice or hearing.

Any objection must be in writing and filed with the Clerk, United States Bankruptcy Court, 35 East Mountain Street, Room 316, Fayetteville, AR 72701. A copy must also be served on the attorneys named below.

**THIS NOTICE IS DATED:** **13TH NOVEMBER 2026**

**BOND LAW OFFICE**

By: */s/ Stanley V Bond*
Stanley V Bond 93034
Kathryn Worlow 2018-027
PO Box 1893
Fayetteville, AR 72702-1893
(V) 479.444.0255
(F) 479.235.2827
E-mail: attybond@me.com

## CERTIFICATE OF SERVICE

I, Stanley V Bond, do hereby certify that a copy of the foregoing document has been served by first-class mail and/or fax and/or e-mail on the following persons or entities pursuant to the Federal Rules of Bankruptcy Procedure:

*US Trustee By Electronic Notice*

*All creditors and parties in interest per the mailing matrix appearing in ECF on the date written below.*

*All parties receiving electronic notice.*

*First National Bank of NWA*
*Attn.: President*
*PO Box 7*
*Fort Smith, AR 72902*

*Certified Mailpiece:*
*70210950000127356392*

*First National Bank of NWA*
*Attn.: President*
*3553 N Steele Blvd.*
*Fayetteville, AR 72703*

*Certified Mailpiece:*
*9589071052702815320400*

/s/Stanley V Bond

Date: 2026-11-13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**5:26-BK-7*****
**CHAPTER 11(V)**

**IN RE:** BTW SOLUTIONS, LLC, DEBTOR IN POSSESSION

**ORDER GRANTING MOTION TO USE CASH COLLATERAL**

NOW ON THIS DAY HEREINAFTER WRITTEN comes on for consideration the Debtor's Motion to Use Cash Collateral [Document **]. With all facts and matters before the court it is found and concluded as follows:

1. That this court has jurisdiction over this core-proceeding matter, and venue is proper in this district and division pursuant to 28 USC §§157 and 1334, 11 USC §363, and Rules 4001 and 9014 FRBP apply to this motion.

2A. The Debtor commenced its voluntary Chapter 11 case on 13th November 2026. The Debtor's case has not been dismissed or converted since that time and the Debtor remains as Debtor in Possession. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business and financial affairs. No creditor's committee has been appointed in the case.

2B. The Debtor engages in the business of medical billing and collections, and related activities.

3. The Debtor's business operations produce revenue in the form of accounts receivable ("Collateral"). The Collateral is property of the Bankruptcy Estate and is necessary for the reorganization of the Debtor's business and financial affairs.

4A. The Debtor gave a Promissory Note and a Security Agreement to First National Bank of NWA ("FNB") pre-petition (the "Debtor's Obligations"), first on 20th December 2024 and as modified on 13th January 2026. The Debtor's Obligation to FNB is in the form of a secured line of credit.

4B. The Collateral constitutes cash collateral under the security agreement between the Debtor and FNB and the Bankruptcy Code.

5. The Motion is granted in all respects. The Debtor is hereby authorized to continue to use the cash collateral pursuant to the Debtor's Obligation. Such use shall remain in force and effect until the confirmation of a subsequently proposed Plan of Reorganization or Plan of Liquidation, or until the case is converted to a case under Chapter 7 or is dismissed.

6A. The Debtor shall pay adequate protection for the use of the cash collateral pursuant to the following formula:

> To pay each month by the 20th day of each month the interest accrued on the outstanding balance of the Debtor's Obligation. The applicable interest rate is 7.000% per annum. The maximum line of credit is $375,000.00.

6B. The adequate protection payment shall commence on or before the last day in the first full month after an order is entered granting this Motion or as otherwise ordered by the court and shall continue monthly thereafter on or before the 21st day of each succeeding calendar month until the confirmation of a subsequently proposed Chapter 11 Plan, or until the case is converted to a case under chapter 7 or is dismissed.

6C. In the event of conversion of the case to a case under chapter 7 any monies held by the Debtor on the date of conversion shall continue to be cash collateral subject to the interests of fully secured Lenders as defined herein.

7. The Debtor shall account monthly for the collection and expenditure of the cash collateral via the required monthly operating reporting pursuant to the regulations of the Office of the United States Trustee.

8. Lender is not entitled to be a custodian or trustee of the estate property and has no claim to property or right to possess or withhold the property from the estate.

9. The use of the cash collateral is in the best interest of all creditors and interested parties and the estate.

10. Because of this ongoing Chapter 11 proceeding, the Debtor is entitled to the continued and permitted use of the rents and leases, accounts and all other collateral constituting "cash collateral" as contemplated by Debtor's Obligations and within the scope of 11 USC §363 et seq., such use being limited in scope, namely for the purposes of day-to-day operations, payment of utilities, payment of employees, payment of insurance premiums, payment of property taxes, administrative costs of the bankruptcy case including approved attorney and other professional fees, and other goods and services essential to the operation of the Debtor's business.

11. The adequate protection herein ordered is adequate protection for the interests of Lender in the Collateral and the revenues generated by the operations of the Debtor's business.

13. The Debtor's use of cash collateral before the entry of this Order is approved.

14. The court finds that good and appropriate notice was given to all parties required to have received notice and that no further notice or hearing is required before the entry of this Order.

IT IS SO ORDERED.

____________________________________

HON. BIANCA M RUCKER, US BANKRUPTCY JUDGE

DATE: ____________________________